UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CORLOGIX CORPORATION and : <br> THEODORE WILLIAM RUSSELL : <br>     Plaintiffs : <br> : <br> v. : <br> : <br> ESANU, KATSKY, KORINS & SIGER, L.L.P. : <br> and ASHER S. LEVITSKY, P.C. : <br> : <br>     Defendants : | CIVIL ACTION <br> NO. 3:02 CV 1611 (AWT) |
| CORLOGIX CORPORATION and : <br> THEODORE WILLIAM RUSSELL : <br>     Plaintiffs : <br> : <br> v. : <br> : <br> ASHER S. LEVITSKY, P.C. : <br> and ASHER S. LEVITSKY : <br>     Defendants : | CIVIL ACTION <br> NO. 3:00 CV 1357 (AWT) <br><br> MARCH 28, 2005 |

## MOTION FOR RECONSIDERATION

The defendants hereby seek reconsideration of the Court's ruling denying their motion to dismiss in order to address two issues.

The first concerns the portion of the defendants' motion to dismiss under the prior pending action doctrine. As the court mentioned in rendering its decision the allegations in the first amended complaint in the 3:00 CV 1357 case are covered in the complaint in the 3:02 1611 adversary proceeding. The court also indicated that it makes sense that the 3:00 CV 1357 complaint be the operative complaint. (See attached Ex. A, page 24 of the February 22, 2005 transcript). It is unclear to the defendants whether that constitutes a ruling under the prior pending action doctrine or just a separate order as to which complaint is the operative complaint

in this matter. The defendants would simply like to clarify which complaint they will need to answer and address future pleadings to. It will be extremely burdensome for the defendants to have to file answers and special defenses in cases with extensive complaints that are duplicative.

The second issue concerns an item that may not have been completely conveyed to the Court in the filings on the motion to dismiss in this matter.

In its ruling, the Court suggested, without specifying, that something that Asher Levitsky testified to at his deposition allowed the plaintiff to bring certain claims in the adversary proceeding. (See attached Ex. B, page 25 of the February 22, 2005 transcript). To the extent the court was referring to perceived inconsistencies between the deposition testimony and the defendant law firm's billing giving rise to the plaintiff's fraud claim, the defendants would like to fully address and clarify that issue in order to avoid any misimpression on the part of the court on that point.

In a nutshell, the plaintiffs make the vague claim in the fraud count of the adversary proceeding that Asher Levitsky denied at his deposition performing certain legal work that his firm billed for. They refer to billing attached to the complaint as "Exhibit A". The vagueness which creates the confusion stems from the fact that the complaint only refers to legal activities allegedly undertaken in the "summer of 1999," yet the billing attached as Exhibit A to the complaint is for services rendered in January and February 2000, December 1999, November 1999, October 1999 and May through September 1999. As a result only one of the bills attached to the complaint, namely the one for May through September 1999, actually addresses services performed during the time period alleged in the complaint, the "summer of 1999."  Nowhere in that bill is there any reference to <u>drafting</u> a Private Placement Memorandum (hereinafter "PPM"). There was also no billing for that work in October 1999 or November 1999.

2

There was billing in December 1999 for "advice and services in connection with the preparation and drafting of a private placement memorandum. . ." In December 1999, Asher Levitsky performed such work. The defendants attempted to convey that point to the court in their March 19, 2003 Reply Memorandum in the 3:00 CV 1357 (AWT) matter at the top of page 8 by making reference to Exhibit I, which was a December 30, 1999 e-mail attaching a Private Placement Memorandum. In reviewing that Reply Memorandum, perhaps that argument could have been expressed more clearly.

In any event, the plaintiffs' fraud claim is misdirected as are the arguments made in their opposition brief which take Attorney Levitsky's deposition testimony out of context. The deposition question started by asking:

> Q - Did you work on a private placement memorandum with him?
> A - At what time?
> Q - During the summer of 1999.
> A - No.

(Deposition of Asher Levitsky, pages 29-30)

That question and response are accurate and are completely consistent with the billing for the summer of 1999. There is nothing to indicate that <u>Asher Levitsky</u> worked with Russell in the summer of 1999 on a PPM.

The next question and answer was as follows:

> Q - He didn't ask you for your help on working on this PPM in the summer of 1999?
> A - That is not correct.

(Deposition of Asher Levitsky, page 30)

The question was incorrect in that, as indicated in response to the following questions, Russell did ask for a review of what he, Russell, was preparing.

Those questions go on as follows:

3

> Q - What did he ask you to do?
> A - He asked if we could review. He prepared a PPM. He asked us if we could review it. At that time, I was tied up in a public offering, and I was going on vacation so he asked one of the other attorneys at the firm to do that.

(Deposition of Asher Levitsky, page 30)

These questions were all posed concerning work on a PPM in the "summer of 1999." The only work billed in the "summer of 1999" was "preparation of comments on offering documents" which certainly would accurately reflect what the other attorney did when he "commented" on Ted Russell's draft PPM. It was not until <u>December of 1999</u> when work was done and billed "in connection with the preparation of a private placement memorandum."

Count Four, the "Fraudulent Transfer" Count contains no detail and merely alleges that Corlogix made $47,000.00 in legal payment before June 1999 and June 2000 and did not receive "reasonable equivalent value for the transfer." The plaintiff attached bills from May 1999 to February 2000, which totaled $41,267.00. Over <u>part</u> of that period of time, specifically December 1999, January 2000 and February 2000, the defendants <u>were</u> preparing a PPM for the plaintiff. In Count Five, which alleges "Fraud", paragraph 139 states in the first sentence, "Esanu and Levitsky represented Russell and Corlogix in the summer of 1999 regarding the preparation and use of a PPM and in making the necessary regulatory filings regarding the same as set forth in various communications and e-mail messages. Esanu and Levitsky billed the (sic) Russell and Corlogix for this work (Exhibit A) and subsequently denied this representation and work during the investigation by the Department of Banking during the fall of 1999. In addition, Levitsky denied this legal representation in his deposition on May 15, 2001."

The defendants feel that it is extremely important to make clear that in the "summer of 1999" they did <u>not</u> prepare a PPM nor did they bill the plaintiffs for completing that work in the

4

"summer of 1999". They did in fact bill the plaintiff for preparing a PPM when that work was actually completed beginning with the billing for December of 1999.

The defendants are concerned that by referring to the billing attached to the complaint as "Exhibit A", which clearly includes billing for a time period well beyond the "summer of 1999" the plaintiffs may have created the misimpression that there was billing for work on a PPM in the "summer of 1999" when that work was not done. In fact, the actual billing for the "summer of 1999" accurately reflects exactly what Attorney Levitsky testified to at his deposition which did not include drafting a PPM.

To the extent the court denied the defendants' motion to dismiss because it believed that Attorney Levitsky testified to something at his deposition that was inconsistent with the billing the defendants respectfully ask the court reconsider that portion of its ruling.

For all of the above reasons, the defendants seek reconsideration of the motion to dismiss.

THE DEFENDANTS
ESANU KATSKY KORINS & SIGER, L.L.P.
AND ASHER LEVITSKY, P.C.


By:_____
David J. Robertson
Federal Bar No. CT 03674
Bai, Pollock, Blueweiss & Mulcahey, P.C.
One Corporate Drive
Shelton, CT 06484
203-925-8100
FAX: 203-925-8101

## **C E R T I F I C A T I O N**

This is to certify that a copy of this pleading has been sent, via U.S. Mail, postage prepaid, on _____, to:

Elliot Gersten, Esq.
Gersten & Clifford
214 Main Street
Hartford, Connecticut 06106
(860) 527-7044

John J. O'Neil, Jr., Trustee
Francis, O'Neil & Del Piano LLC
255 Main Street
Hartford, CT  06106

Thomas Boscarino, Esq.
Boatman, Boscarino, Grasso & Twachtman
628 Hebron Avenue, Bldg. 3
Glastonbury, CT  06603

Denise R. Polivy, Esq.
Raymond C. Bliss, Esq.
Baker O'Sullivan & Bliss PC
Putnam Park, Suite 100
100 Great Meadow Road
Wethersfield, Connecticut 06109-2371

_____
David J. Robertson
