UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CORLOGIX CORPORATION and<br>THEODORE WILLIAM RUSSELL<br>　　　　Plaintiffs<br>V.<br><br>ASHER LEVITSLY, P.C. and<br>ASHER S. LEVITSKY<br>　　　　Defendants<br>_____x | CIVIL ACTION NO.:<br>3:00 CV 1357 (AWT)<br>Lead Case |
| CORLOGIX CORPORATION by<br>JOHN J. O'NEIL, TRUSTEE and<br>THEODORE WILLIAM RUSSELL,<br>　　　　Plaintiffs,<br>V.<br><br>ASHER S. LEVITSKY,<br>ASHER S. LEVITSKY P.C.,<br>ESANU KATSKY KORINS & SIGER, LLP,<br>RANDOLPH AMENGUAL,<br>STEPHEN D. BRODIE,<br>DAVID L. KATSKY,<br>ADRIENNE B. KOCH,<br>EUGENE V. KOKOT,<br>ROY M. KORINS,<br>DENNIS C. KREIGER,<br>ANDREW B. LEVINE,<br>THOMAS M. LOPEZ,<br>GREGORY K. MARKS,<br>JEFFREY M. SIGER,<br>STEPHEN J. SWIATKIEWICZ,<br>MERYL L. UNGER,<br>MARCY WACHTEL,<br>MARK WALFISH,<br>JOEL S. WEISS, and<br>ELIAS M. ZUCKERMAN<br>　　　　Defendants. | CIVIL ACTION NO.<br>3:02 CV 1611(AWT)<br><br>Bnkr. No. 01-22397 (RLK)<br>Adv. Pro. No. 02-02010 (RLK)<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>MARCH 30, 2005 |

## PLAINTIFFS' OBJECTION TO DEFENDANTS' MOTION FOR RECONSIDERATION

The plaintiffs, Corlogix Corporation, through John J. O'Neil, Jr., Trustee, and Theodore William Russell (hereinafter collectively referred to as "Corlogix"), respectfully object pursuant to Local Rule 7(c) to the defendants' motion dated March 28, 2005 to reconsider the Court's ruling

denying the defendants' motion to dismiss for reason that it is untimely. Local Rule 7(c) requires that motions for reconsideration: "be filed and served within ten (10) days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order." Rule 6 of the Federal Rules of Civil Procedure provides that "[w]hen the period prescribed or allowed is less than eleven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Fed. R. Civ. P. 6(a); see also D. Conn. L. Civ. R. 6 (consistent with Federal Rule 6 unless specifically articulated). The oral order denying defendants' motion to dismiss was entered on February 22, 2005 and the endorsement order was entered on February 23, 2005. Even allowing the defendants the benefit of time from entry of the endorsement order and excluding weekends and holidays, defendants' motion for reconsideration was due no later than March 9, 2005. Defendants' motion is, therefore, <u>twenty</u> (20) <u>days late. See, Chambers v. Principi</u>, 2004 WL 722249 (D. Conn. 2004) (attached).

Furthermore, the defendants have failed to provide any matters or controlling decisions that the court has overlooked. Specifically, the references to the deposition of Asher Levitsky contained in defendants' motion for reconsideration as well as the invoices for legal services were not raised by defendants in support of their motion to dismiss. Rather, they were provided to the court and relied upon by the plaintiffs in opposition to dismissal. Therefore, <u>nothing</u> new is before the court to reconsider. <u>Id.</u> Defendants' motion is both untimely and without merit and

is simply a means for delay and for the purpose of depleting a declining balance malpractice insurance policy.[1]

For these reasons, defendants' motion for reconsideration should be denied.

PLAINTIFFS,

By: _____
Eliot B. Gersten, Esq.ct05213
John J. Robacynski, Esq.ct15636
GERSTEN & CLIFFORD
214 Main Street
Hartford, CT 06106
(860) 527-7044
Their Attorneys

---

[1] This motion was filed after receipt of the Exhibit A reminder to defendants' counsel and is undeniably a questionable tactic employed by defendants for the lack of a substantive response to the court ordered PJO conference.

-3-

# GERSTEN & CLIFFORD

ATTORNEYS AT LAW
214 Main Street
Hartford, CT 06106-1881
Telephone (860) 527-7044
Telecopier (860) 527-4968
(E-mail: EliotG@gersten-clifford.com)

ELIOT B. GERSTEN, ESQUIRE

March 28, 2005

Our File No. 3286-002

*Via Facsimile: 203-925 8101*

David J. Robertson, Esq.
Bai, Pollock, Blueweiss & Mulcahey, P.C.
10 Middle Street
Bridgeport, CT 06604

Re: <u>Corlogix Corporation litigation</u>

Dear David:

    I am preparing our ex parte settlement statement. As a result, I realized we did not yet receive a timely answer to the complaints, and thought this note to you seeking an answer would be better than a default motion. Please file an answer so we can prepare a submission. Thanks.

Very truly yours,

Eliot B. Gersten

EBG:jcb
Enclosure
cc: John Robacynski
    John F. O'Neil, Jr.
    Chambers of Alvin Thompson USDJ
    Clerk's Office, United States Bankruptcy Court

2004 WL 722249 (D.Conn.)

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Connecticut.
Marshall CHAMBERS, Plaintiff,
v.
Anthony J. PRINCIPI, Secretary, U.S. Department of Veterans Affairs, Defendant.
No. 3:00CV656(SRU).
March 24, 2004.

Caleb McIvor Pilgrim, New Haven, CT, for Plaintiff.

Lauren M. Nash, U.S. Attorney's Office, New Haven, CT, Regina A. Long, U.S. Attorney's Office, Hartford, CT, for Defendants.

RULING ON MOTIONS TO RECONSIDER AND ARTICULATE

UNDERHILL, J.

*1 Marshall Chambers ("Chambers") filed this action against Anthony **Principi**, Secretary of the U.S. Department of Veterans Affairs ("**Principi**") claiming violation of his state and federal rights during his former employment with the Department of Veterans Affairs. After a September 19, 2000 ruling on the defendant's motion to dismiss and a September 22, 2003 ruling on the defendant's motion for summary judgment, all but two of Chambers' claims had been dismissed. Chambers' remaining claims are for constructive discharge and violation of Title VII on the narrow basis of failure to promote. Before the court are Chambers' motions for reconsideration [doc. 70] and articulation [doc. 71] and **Principi's** motion for reconsideration [doc. 63]. For the reasons stated below, Chambers' motions are DENIED and **Principi's** motion is GRANTED.

On September 19, 2000, this court granted a motion to dismiss with respect to, among other things, Chambers' state law claims against the Secretary of the Department of Veterans Affairs (formerly, Togo D. West, Jr., and presently, **Principi**). These claims sounded both in tort and in contract law. The state law claims could not survive the motion to dismiss because they restated the underlying Title VII claim, and Title VII is the exclusive remedy for employment discrimination claims against federal employers. *See* Title VII § 717, 42 U.S.C. § 2000e-16; *Brown v. General Services Administration,* 425 U.S. 820, 835, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). At that time, **Principi's** reasonable interpretation of the vaguely worded constructive discharge claim was that it was brought under Title VII. Therefore, prior to oral argument, **Principi** did not object to the court's concurrent jurisdiction over the constructive discharge claim. During oral argument on September 22, 2003, however, Chambers acknowledged that the constructive discharge claim was brought under state law. **Principi** now argues that the constructive discharge claim, like the other state law claims sounding in tort and contract, is subsumed by Title VII's exclusivity provision. This motion was timely filed and is consistent with the court's rulings on September 19, 2000. Chambers restates his prior argument, but offers no additional response to the motion. Thus, **Principi's** motion to reconsider is granted and the state law constructive discharge claim is dismissed.

Chambers moves for articulation and reconsideration of the oral ruling granting summary judgment on plaintiff's claim for retaliation. Summary judgment was granted on the retaliation claim on September 22, 2003. The present motions for articulation and reconsideration were not filed until January 12, 2004. Under the Local Rule 7(c)(1), motions for reconsideration must be filed and served within ten days of decision. Chambers filed his motion one hundred and twelve days after the court's ruling, making Chambers' motion for **reconsideration untimely.** Furthermore, motions for **reconsideration** must set "forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order." *Id.* Chambers' motion for reconsideration does not comply with the local rule, but simply reiterates arguments made at the September 22, 2003 oral argument. Plaintiff offers this court no reason, beyond his prior unsuccessful argument, that the retaliation claim should be reconsidered. His motion for reconsideration is, therefore, denied.

*2 The motion for articulation, without explaining any reason why an articulation is necessary, requests a detailed written ruling on the motion for summary judgment. That motion is likewise

denied for three reasons. First, the court offered a detailed explanation of its ruling on the record following oral argument. Second, Chambers cannot cite to, and the court cannot find, any authority for the proposition that the court is required to produce written rulings on dispositive motions. Third, at the conclusion of oral argument, the court asked if the parties would like to hear an additional explanation of the ruling, at which time plaintiff's counsel declined to pursue the matter. Specifically, during the September 22, 2003 oral argument, the court asked counsel for **Principi,** Attorney Lauren Nash, and counsel for Chambers, Attorney Caleb Pilgrim: "Any other requests for clarification?" to which Attorney Pilgrim responded, "Not from this end Your Honor." Chambers fails to offer any reason to grant the motion for articulation. The motion is therefore denied.

For the aforementioned reasons, Chambers' motions for reconsideration [doc. 70] and articulation [doc. 71] are DENIED and **Principi's** motion for reconsideration [doc. 63] is GRANTED.

It is so ordered.

D.Conn.,2004.

Chambers v. **Principi**

2004 WL 722249 (D.Conn.)

**Motions, Pleadings and Filings (Back to top)**

- 3:00CV00656 (Docket) (Apr. 07, 2000)

END OF DOCUMENT

(C) 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, via regular U.S. Mail, postage prepaid, on March 30, 2005, to all counsel and pro se parties of record:

David J. Robertson, Esq.
Bai, Pollock, Blueweiss & Mulcahey, P.C.
10 Middle Street
Bridgeport, CT 06604
*Tel: 203-366-7991*
*Fax: 203-366-4723*

John J. O'Neil, Jr., Trustee
Francis, O'Neil & Del Piano, LLC
255 Main Street
Hartford, CT 06106
*Tel: 860-527-3271*
*Fax: 860-527-2584*

Denise R. Polivy, Esq.
Boatman, Boscarino, Grasso & Twachtman
628 Hebron Avenue, Bldg. 3
Glastonbury, CT 06603

Thomas Boscarino, Esq.
Boatman, Boscarino, Grasso & Twachtman
628 Hebron Avenue
Glastonbury, CT 06033
*Tel: 860-659-5657*
*Fax: 860-657-4549*

_____
John J. Robacynski