PLAINTIFF INSTRUCTION 2

Rulings and Remarks of the Court

Now that the evidence has concluded, I will instruct you as to the law and your duties. I have not meant to indicate any opinion as to the facts of this case by any of the rulings, remarks, or instructions.

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

PLAINTIFF INSTRUCTION 3

Meaning of Burden of Proof

When I say that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition on which it has the burden of proof is more probably true than not true.

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

PLAINTIFF INSTRUCTION 4

Both Principal and Agent Sued
No Issue as to Agency

The Defendants are sued as principal and agent by Plaintiffs Theodore Russell, Corlogix Corporation and John J. O'Neil the Bankruptcy Trustee for the Estate Corlogix Corporation. Defendant Esanu Katsky Korins & Siger, LLP is the principal and Eric Kamisher, Joanne Arnold and Defendants Asher S. Levitsky, Asher S. Levitsky P.C., Randolph Amengual, Stephen D. Brodie, David L. Katsky, Adrianne B. Koch, Eugene V. Kokot, Roy M. Korins, Dennis C. Kreiger, Andrew B. Levine, Thomas M. Lopez, Gregory K. Marks, Jeffrey M. Siger, Stephen J. Swatkiewicz, Meryl L. Unger, Marcy Wachtel, Mark Walfish, Joel S. Weiss, and Elias M. Zuckerman are its agent. If you find that Eric Kamisher or Defendants Asher S. Levitsky or Asher S. Levitsky P.C. are liable for professional negligence during the period of time they worked for Defendant Esanu Katsky Korins & Siger, LLP then you must find that the Defendant Esanu Katsky Korins & Siger, LLP is also liable. However, if you find that Eric Kamisher or Defendants Asher S. Levitsky or Asher S. Levitsky P.C. are not liable for professional negligence during the period of time they worked for Esanu Katsky Korins & Siger, LLP then you must find that the Defendant Esanu Katsky Korins & Siger, LLP is not liable unless you find any professional negligent or wrongful act or misconduct committed by Esanu. If you find that Eric Kamisher or Joanne Arnold or Defendants Asher S. Levitsky or Asher S. Levitsky P.C. were improperly supervised, then you must find that Defendants Amengual, Brodie, Katsky, Koch, Kokot, Korins, Kreiger, Levine, Lopez, Marks, Siger, Swiatkiewicz, Unger, Wachtel, Walfish, Weiss and Zuckerman are also liable pursuant to New York Partnership Law Sec. 26©).

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

The Defendants do not agree with this instruction as it mis-states the law under the New York Limited Liability Partnership Act.

PLAINTIFF INSTRUCTION 5

Verdict Form
Multiple Plaintiffs and Multiple Defendants

We, the jury, find for the Plaintiffs and against all the Defendants.

We, the jury, find for Plaintiff(s) _____, _____, _____ and against all the Defendants.

We, the jury, find for the Plaintiffs and against Defendant(s): _____, _____, _____, _____, _____, _____, _____, _____, _____, _____, _____, _____, _____, _____, _____, _____, _____, _____, _____, and _____.

We, the jury, find for the Plaintiff(s) _____, _____, _____ and against Defendant(s): _____, _____, _____, _____, _____, _____, _____, _____, _____, _____, _____, _____, _____, _____, _____, _____, _____, and _____.

We assess the damages in the sum of $_____ itemized as follows:

a) the amount of the fees paid to Defendants
$_____;
b) the amount of the defaulted Three-Year Promissory Notes
$_____;
c) the amount of the unfunded Three-Year Promissory Notes
$_____;
d) the costs of Receivership
$_____;
e) the costs of Bankruptcy
$_____;
f) the unpaid interest on the defaulted Three-Year Promissory Notes $_____;
g) the loss of research and development costs paid
$_____;
h) the loss of pledged stock/non-speculative future value
$_____;
I) lost non-speculative future profits on the product
$_____;
j) loss of payments under Russell's employment contract
$_____;

k) attorney's fees and expenses in pursuing this action
$_____;
l) 10% per annum interest from the date of injury          $_____.

(Foreperson)

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

The Defendants do not agree to the damages on this form in that they are not recoverable damages under the law or as alleged in the complaint

PLAINTIFFS' JURY INSTRUCTION 1

In providing professional services to a client, a lawyer must possess and apply the knowledge and use the skill and care ordinarily used by a reasonably well qualified lawyer, under the circumstances similar to those shown by the evidence. A failure to do so is professional negligence.

The only way in which you may decide whether any defendant possessed and applied the knowledge and used the skill and care which the law required of him is from expert testimony, nonfeasance or the failure to act, and evidence of professional standards or conduct presented in the trial.

You must not attempt to determine this question from any personal knowledge you have.


Given _____
Given as Modified _____
Refused _____
Withdrawn _____

PLAINTIFFS' JURY INSTRUCTION 2

A lawyer who holds himself out as a specialist and provides service in his specialty must possess and apply the knowledge and use the skill and care ordinarily used by a reasonably well-qualified specialist under circumstances similar to those shown by the evidence. A failure to do so is professional negligence. The only way in which you may decide whether any defendant possessed and applied the knowledge and used the skill and care which the law required of him is from expert testimony, nonfeasance or the failure to act, and evidence of professional standards or conduct presented in the trial.

You must not attempt to determine this question from any personal knowledge you have.

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

PLAINTIFFS' JURY INSTRUCTION 3

The term "proximate cause," means any cause which, in natural or probable sequence, produced the injury complained of. It need not be the only cause, nor the last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time, which in combination with it, causes the injury.

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

PLAINTIFFS' JURY INSTRUCTION 4

A fact may be proved by circumstantial evidence. Circumstantial evidence consists of the proof of facts or circumstances which leads to a reasonable inference of the existence of other facts sought to be established.

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

PLAINTIFFS' JURY INSTRUCTION 5

More than one person may be to blame for causing an injury. If you decide that any of the defendants were negligent and that their negligence was a proximate cause of injury to the plaintiffs, it is not a defense that some third person who is not a party to the suit may also have been to blame.

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

PLAINTIFFS' JURY INSTRUCTION 6

If you decide that the Defendants were negligent and that their negligence was a proximate cause of injury to the Plaintiffs, it is not a defense that something else may also have been a cause of the injury.

However, if you decide that the sole proximate cause of injury to the Plaintiffs was the conduct of some person other than any of the Defendants, then your verdict should be for the Defendants.

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

PLAINTIFFS' INSTRUCTION 7

Burden of Proof on the Issues -- Affirmative Defenses -- Causes of Action Accruing

The Plaintiffs have the burden of proving each of the following propositions for any one act or failure:

First, that the Defendants acted or failed to act in one of the ways claimed by the Plaintiffs as stated
to you in these instructions and that in so acting, or failing to act, the Defendants were negligent
and/or breached their contract and/or breached their fiduciary duty and/or perpetrated a fraudulent transfer as to the Estate and /or negligent misrepresentation and/or fraudulent misrepresentation;

Second. that the plaintiff was injured;

Third, that the negligence and/or breach of contract and/or breach of fiduciary duty and/or fraudulent transfer and /or negligent misrepresentation and/or fraudulent misrepresentation by the Defendants was a proximate cause of the injury to the Plaintiff.

If you find from your consideration of all the evidence, that each of the above propositions required of one or more of the Plaintiffs has been proven, then your verdict should be for one or more of the Plaintiffs. If, on the other hand you find from your consideration of all the evidence, that all of the above propositions for the acts or failure to act the Plaintiffs are required to prove has not been proven, then your verdict should be for the Defendants.

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

PLAINTIFF'S JURY INSTRUCTION 8

You are instructed that a fiduciary relationship exists between an attorney and client. In this case, Defendants were the attorneys and the Plaintiffs were the clients.

The fiduciary relationship imposes a duty on the attorney to deal fairly and imposes the responsibility to disclose any conflicts between his interests and the clients's interests which might make the attorney act in its own best interests at the expense or the detriment of the client.

It is for you to determine whether any Defendants violated their fiduciary duty to deal fairly and honestly with Plaintiffs by denying being retained to assist with the preparation a private placement memorandum in compliance with the securities laws or to file with the securities regulators in Connecticut, or that the three-year promissory note financing could be perceived as a "Ponzi Scheme" or to disclose to Plaintiffs that they should retain Connecticut securities counsel for purposes of complying with Connecticut securities laws, or that they billed for services not performed. However, Defendants had no duty to disclose matters within the knowledge of Plaintiffs.

If you find that Defendants breached their duties as an attorney for Plaintiffs as a fiduciary, you must determine what damages, if any, were proximately caused by such acts or omissions constituting the breach of duty.

If you should find that Plaintiffs are entitled to a verdict, you may ward Plaintiffs such damages as will reasonably compensate for such injury and damage as you find from a preponderance of the evidence in this case.


Given _____
Given as Modified _____
Refused _____
Withdrawn _____

PLAINTIFFS' INSTRUCTION 9

Issues Made by the Pleadings - Negligence/Legal Malpractice - One or More Defendants

The Plaintiffs' complaint consists of a negligence count, Count 1. The issues to be decided by you under that Count are as follows:

The Plaintiffs claim that they were injured and sustained damages, and that the Defendants were negligent in one or more of the following respects:
a) failed to provide proper and adequate legal representation;
b) failed to adequately Blue Sky the Three-Year Notes and Warrants;
c) failed to properly disclose and register the Three-Year Notes and Warrants as securities;
d) failed to advise or warn Plaintiffs that the proposed plan of business surrounding the Three Year-
Notes and Warrants could potentially be construed as a "Ponzi Scheme";
e) failed advise or warn Plaintiffs that the Three-Year Notes and Warrants that were offered to
 investors could reasonably be construed as securities requiring either exemption or registration with the appropriate federal and state regulatory agencies, including those in Connecticut in advance of sale;
f) failed to file with the securities regulators in Connecticut;
g) failed to retain Connecticut securities counsel;
h) failed to investigate the securities compliance history of the Surety and to ensure the registration
of the Surety's guarantees.
I) failed to provide Plaintiffs sound legal advice on the Three-Year Notes and Warrants
j) prepared materially misleading and deficient documents containing misstatements and omissions
and failing to file the necessary documents or properly disclose information on the same with regulators;
k) failed to properly supervise those assisting Defendants in performing legal work for Plaintiffs
 including the completion and review of the private placement memorandum
l) failed to advise Plaintiffs that if either of them or the Surety engaged in activities that were
deemed by the securities regulators to be illegal or improper, then Plaintiffs could be subject to substantial civil and criminal penalties.

The Plaintiffs further claim that one or more of the foregoing was a proximate cause of their injuries.

The Defendants deny that they did any of the things claimed by the Plaintiffs, deny that they were negligent in doing or not doing any of the things claimed by the Plaintiffs and deny that any claimed act or omission on the part of the Defendants was a proximate cause of the Plaintiffs' claimed injuries.

The Defendants further deny that the Plaintiffs were injured or sustained damages.

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

PLAINTIFFS' INSTRUCTION 10

Issues Made by the Pleadings - Breach of Contract - One or More Defendants

The Plaintiffs' complaint consists of a breach of contract count, Count 2. The issues to be decided by you under that Count are as follows:
The Plaintiff claims that he was injured and sustained damages, and that the Defendants breached their contract in one or more of the following respects:
a) failed to provide proper and adequate legal representation;
b) failed to properly prepare a Private Placement Memorandum in compliance with the securities laws;
c) failing to advise or warn Plaintiffs that the proposed business plan of the Three-Year Notes and Warrants as guaranteed by the Surety would require registration, including all regulatory disclosures and filings with proper state and federal regulatory agencies, or be properly exempted under applicable law;
d) failed to file with the Connecticut securities regulators at the Department of Banking;
e) failed to advise or warn Plaintiffs that they could be subject to substantial civil and criminal penalties if the Three-Year Notes and Warrants as guaranteed by the Surety were construed by governmental authorities to require registration as securities and proper disclosure and filings;
f) failed to provide sound legal advice and opinions as to the necessary disclosures in the Private Placement memorandum, the filing and registration requirements in Connecticut, New York and elsewhere, all of which created a perception that the Three-Year Notes and Warrants as guaranteed by the Surety were part of a "Ponzi Scheme";
g) failed to have the necessary specialized expertise in the jurisdictions such as Connecticut where exemption, registration or regulatory filings relating to the Three-Year Notes and Warrants were supposed to be made;
h) denied that Defendants represented Plaintiffs in the preparation and use of the Private Placement Memorandum and further turned over incomplete files to Plaintiffs' Connecticut counsel representing Plaintiffs in the Connecticut securities investigation;
I) failed to retain Connecticut securities counsel to assist in complying with Connecticut securities laws as it pertains to the Private Placement Memorandum and Connecticut securities filing; and by
j) rendering legal securities expert advice in a faulty or defective manner.


The Plaintiffs further claim that one or more of the foregoing was a proximate cause of his injuries.

The Defendants deny that they did any of the things claimed by the Plaintiffs. deny that they breached their contract in doing any of the things claimed by the Plaintiffs and deny that any claimed act or omission on the part of the Defendants was a proximate cause of the Plaintiff's claimed injuries.

The Defendants further deny that the Plaintiffs were injured or sustained damages.

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

PLAINTIFFS' JURY INSTRUCTION 11

Issues Made by the Pleadings - Breach of Fiduciary Duty - One or More Defendants

The Plaintiffs claim that They were injured and sustained damage and that the conduct of the Defendants was a breach of fiduciary duty toward them in one or more of the following respects (Count 3):
a) failed to provide proper and adequate legal representation;
b) failed to advise or warn Plaintiffs that the proposed business plan surrounding the Three-Year Notes and Warrants as guaranteed by the Surety would require registration with proper and appropriate state and federal regulatory agencies or that the Three-Year Notes be properly exempted under applicable law, by making all regulatory disclosures and filings.
c) failed to advise or warn Plaintiffs that Plaintiffs could be subject to substantial civil and criminal penalties if the Three-Year Notes and Warrants as guaranteed by the Surety were construed by governmental authorities to require registration as securities and proper disclosure and filings.
d) failed to provide sound legal advice and opinion as to the necessary disclosures in the Private Placement Memorandum, the filing and registration requirements in Connecticut, New York and elsewhere, all of which created a perception that the Three-Year Notes and Warrants as guaranteed by the Surety were part of a "Ponzi Scheme".
e) failed to be licensed and did not utilize legal counsel who were licensed to practice law in the jurisdictions where exemption, registration or regulatory filings relating to the Three-Year Notes and Warrants were supposed to be made.
f) wrongfully denied representing Plaintiffs in the preparation and use of the Private Placement Memorandum and further turning over incomplete files to Plaintiffs' Connecticut counsel representing Plaintiffs in the Connecticut securities investigation;
g) denied representing Plaintiffs by failing to discipline Levitsky and by failing to accept responsibility of the faulty representation.

Defendants put their own interests above those of their clients in breach of his fiduciary duties and also in breach of their duties as attorneys.

Defendants charged Plaintiffs unreasonable and unnecessary attorneys fees and costs.

Plaintiffs further claim that one or more of the foregoing was a proximate cause of their injuries.

The Defendants deny that they did any of the things claimed, deny that they breached their fiduciary duty in doing any of the things claimed by the Plaintiffs and deny that any claimed act or omission on the Defendants' part was a proximate cause of the Plaintiffs claimed injuries.

The defendant also set up the following affirmative defense: