PLAINTIFFS' JURY INSTRUCTION 12

Issues Made by the Pleadings - Fraudulent Transfer - One or More Defendants

The Plaintiffs' complaint consists of a fraudulent transfer count, Count 4. The Plaintiff, Bankruptcy Trustee for the Estate Corlogix Corporation, claims that the Bankruptcy Estate was injured and sustained damage and that the conduct of the Defendants was fraudulent as to the payments by Corlogix Corporation because the Defendants billed Plaintiffs for legal representation regarding the preparation and use of a Private Placement Memorandum but later denied representing Plaintiffs in the performance of these legal services. If you find that the Defendants did not perform these legal services, Plaintiffs did not receive reasonably equivalent value for the payment and the payment (transfers) are avoidable pursuant to Bankruptcy Code Section 544(b) and Conn. Gen. Stat. §52-552f and Defendants are liable to the Plaintiff, Bankruptcy Trustee for the Estate Corlogix Corporation. However, if you find that Defendants performed these legal services, Defendants are not liable to Plaintiff, Bankruptcy Trustee for the Estate Corlogix Corporation.

In making this determination, you need to be consistent with your other determinations as to how the Defendants acted or failed to act in the other counts you are charged with determining.


Given _____
Given as Modified _____
Refused _____
Withdrawn _____

PLAINTIFFS' JURY INSTRUCTION 13

Issues Made by the Pleadings - Fraudulent Misrepresentation - One or More Defendants

The Plaintiffs' complaint consists of a fraudulent misrepresentation count, Count 5. The issues to be decided by you under that Count are as follows:

The Plaintiffs claim that they were injured and sustained damages, and that the Defendants made false representations in one or more of the following respects:

a) in billing for legal work on the Private Placement Memorandum which they did not perform;
b) in denying performing work on the Private Placement Memorandum which they did perform;
c) and in denying agreeing to make regulatory filings in Connecticut which they did not perform.

In making one or more of the foregoing, Plaintiffs claim it was known by the party making the statement to be untrue.

The Plaintiffs further claim that one or more of the forgoing were made to induce Plaintiffs to act on the statement and that Plaintiffs did so act upon the false representation to their injury or damage.

The Defendants deny that they did any of the things claimed by the Plaintiffs, deny that they were false and known to be false, deny that the things claimed by the Plaintiffs were made to induce Plaintiffs to act on the statement and that Plaintiffs acted on the statement.

The Defendants further deny that the Plaintiffs were injured or sustained damages.


Given _____
Given as Modified _____
Refused _____
Withdrawn _____

PLAINTIFFS' JURY INSTRUCTION 14

Issues Made by the Pleadings - Negligent Misrepresentation - One or More Defendants

The Plaintiffs' complaint consists of a negligent misrepresentation count, Count 6. The issues to be decided by you under that Count are as follows:

The Plaintiffs claim that they were injured and sustained damages, and that the Defendants negligently made false representations in one or more of the following respects:
a) in the preparation and use of the Private Placement Memorandum; and
b) in making regulatory filings in the State of Connecticut.

The Plaintiffs claim that they relied on one or more of the foregoing and that it was a proximate cause of their injuries.

The Defendants deny that they did any of the things claimed by the Plaintiffs, deny that they were negligent in doing or not doing any of the things claimed by the Plaintiffs, deny that Plaintiffs relied on the representations and deny that any claimed act or omission on the part of the Defendants was a proximate cause of the Plaintiffs' claimed injuries.

The Defendants further deny that the Plaintiffs were injured or sustained damages.

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

PLAINTIFFS' JURY INSTRUCTION 15

In fixing the amount of money which will reasonably and fairly compensate the Plaintiffs; you must consider that a person who has been damaged by a breach of contract must exercise ordinary care to minimize existing damages and to prevent further damage. Damages caused by a failure to exercise such care cannot be recovered. The Defendant has the burden of proof on this issue.

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

PLAINTIFFS' INSTRUCTION 16

An injured party has no duty to mitigate damages if he lacked knowledge of the ability to do so.

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

PLAINTIFFS' JURY INSTRUCTION 17

(Fiduciary Duty)

Breach of fiduciary duty includes placing the attorney's interest above that of a client. An attorney's fiduciary duty to his client mandates full disclosure of all material facts.

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

PLAINTIFFS' JURY INSTRUCTION 18

Measure of Damages
Personal and Property

If you decide for the Plaintiffs on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate them for any of the following elements of damages proved by the evidence to have resulted from the Defendants' negligence and/or breach of contract, taking into consideration the nature, extent and duration of the injury including the following:

a) the amount of the fees paid to Defendants;
b) the amount of the defaulted Three-Year Promissory Notes;
c) the amount of the unfunded Three-Year Promissory Notes;
d) the costs of Receivership;
e) the costs of Bankruptcy;
f) the unpaid interest on the defaulted Three-Year Promissory Notes;
g) the loss of research and development costs paid;
h) the loss of pledged stock;
I) lost non-speculative future profits on the product;
j) loss of payments under Russell's employment contract;
k) attorney's fees and expenses in pursuing this action;
l) 10% per annum interest from the date of injury.

Whether any of these elements of damages has been proved by the evidence is for you to determine.

Given _____
Given as Modified _____
Refused _____
Withdrawn _____


The Defendants are not in agreement with the Plaintiff's Jury Instructions

DEFENDANTS PROPOSED JURY INSRUCTIONS

I

LEGAL MALPRACTICE

In the first count, the plaintiffs are seeking to recover damages for legal malpractice.

In order to recover damages for legal malpractice, the plaintiffs must prove the existence of certain legal elements. At this point, I will explain to you each element which the plaintiffs must prove. First, the plaintiffs must prove that, at the time they entered into the transaction which is the subject of this litigation, they were involved in an attorney/client relationship with the defendant attorneys.

An attorney/client relationship is established when the advice and assistance of an attorney is sought and reconveyed in matters pertinent to his or her profession.

Somma vs. Gracey,
15 Conn. App. 371,
379 (1988)

The relationship of attorney and client commences from the date of employment of the attorney; that is, form the time the agreement or contract is consummated.

The contract of employment consists of an offer, or request, by a client; and the acceptance, or assert by the attorney.

Wright, Connecticut
Jury Instructions,
§127a

If you conclude that there was no employment of the defendant by the plaintiffs with respect to the transaction which is the subject of this litigation, then you will in your deliberations and return a verdict for the defendant.

>Wright, Connecticut Jury Instructions, §127

If, however, you find that there was an attorney/client relationship, then you must go on to determine whether or not there was negligence on the part of the attorney. In order to prove that the attorney was negligent the plaintiffs must show that a duty owed to them was breached.

It is the plaintiffs' burden in a legal malpractice case to prove through expert testimony that an attorney failed to exercise the degree of care, skill and diligence which other attorneys in the same line of practice would have exercised in similar circumstances.

>Davis vs. Margolis, 215 Conn. 408 (1990)

If the plaintiffs have not shown that there was a breach of duty, then you should render a verdict for the defendant.

However, if you determine that there was a breach of duty, you must then decide whether the plaintiff has proven that that breach proximately caused the damages they claim to have suffered.

>Somma vs. Gracey, 15 Conn. App 371, 374-375 (1988).

The plaintiff must prove the failure of the defendant to comply with the standard of practice was the proximate cause of her damages.

> Green v. Stone, 119 Conn. 300, 306 (1934)
>
> Ardoline v. Keegan, 140 Conn. 552, 556 (1954)
>
> Hurley v. Johnston, 143 Conn. 364, 366 (1956)
>
> Ooms v. Ooms, 164 Conn. 49, 51-52 (1972)

I have used the words, "proximate cause," so I will say to you that the plaintiff has the burden of proving that the defendant's conduct "legally caused" the damages proven.

> Doe v. Manheimer, 212 Conn. 748, 757 (1989)
>
> Wu v. Fairfield, 204 Conn. 435 (1987)
>
> Heart v. Waterbury YMCA, 187 Conn. 1, 4 (1982)

"Legal cause" has two components, the first of which is "causation in fact," the test for which is would the injury have occurred were it not for the defendant's conduct.

> Id.

If you find that the injuries claimed would have occurred irrespective of the defendant's conduct, then the plaintiff has not sustained her burden of proof and you must return a verdict for the defendant on the plaintiff's claims for negligence.

Id.

Secondly, the plaintiff must prove to you by the preponderance of the evidence that the defendants' conduct was an actual cause -- that is, a substantial factor in the resulting harm.

>Doe v. Manheimer,
>212 Conn. 748, 757
>(1989)
>
>Coburn v. Lenox Homes, Inc.,
>186 Conn. 370, 383
>(1982)
>
>Boehm v. Kish,
>201 Conn. 385, 391
>(1986)

Actual cause, if trivial or remote, should be rejected as the determination of the responsibility for another's injury is much too important to be distracted by explorations for obscure consequences or inconsequential causes.

>Doe v. Manheimer,
>212 Conn. 748, 758
>(1989)
>
>Kowal v. Hofher,
>181 Conn. 355, 359-60
>(1980)

The test for proximate cause is whether the defendant's conduct is a "substantial factor" in producing the plaintiff's damages. A substantial factor is one which must have continued down to the moment of the damage, or at least, down to the setting in motion of the final active injurious force which immediately produced or preceded damage.

> Doe v. Manheimer, 212 Conn. 748, 758 (1989)
>
> Ferndale Dairy, Inc. v. Geiger, 167 Conn. 533, 538 (1975)

That negligent conduct is a "cause in fact," however, does not mean that it is also a "substantial factor" for the purposes of a proximate cause inquiry. The question for you, ladies and gentleman, is was the harm which occurred of the same general nature as the foreseeable risk created by the defendant's negligence? If not, then the plaintiff has failed on her burden of proving proximate causation and you must return a verdict for Ellen Lubell.

> Doe v. Manheimer, 212 Conn. 748, 758 (1989)
>
> Merhi v. Becker, 164 Conn. 5166, 521 (1973)
>
> Coburn v. Lenox Homes, Inc., 186 Conn. 370, 384 (1982)

If you find that the defendants were negligent but their negligence was not a proximate cause of any of the injuries claimed, then you must likewise return a verdict in their favor.

> Id.

DelVecchio v. DelVecchio, 146 Conn. 188, 194-5 (1959)

## BREACH OF CONTRACT

The plaintiffs have brought a claim for breach of contract. The plaintiffs claim that they entered into a contract with the defendant. A contract is an agreement enforceable at law. Contracts may be express or implied (in fact). If the agreement is shown by the direct words of the parties, spoken or written, the contract is an express one. If such agreement can only be shown by the acts and conduct of the parties, interpreted in the light of the subject matter and of the surrounding circumstances, then the contract is an implied one.

Connecticut Judicial Website Jury Charges

The plaintiff is not entitled to recover on a breach of contract claim in the instant legal malpractice action when the breach of contract claim is based on an alleged understanding that (1) the defendant's legal representation would be performed with the standard of care expected of an attorney; or (2) that the defendant had skills commensurate with people in her profession. Such a breach of contract claim duplicates the plaintiff's legal malpractice claim and cannot be considered by you, the jury.

DiMaggio v. Makover, 13 Conn. App. 321, 323

Shuster v. Buckly, 5 Conn.App. 473, 478 (1985)

If you find that the plaintiff has failed to prove, by a preponderance of the evidence, the elements necessary to prevail in a claim for breach of contract, you must find in the defendant's favor in this count.

Id.

If you find that the defendant is liable to the plaintiff for breaching her contract to represent the plaintiff, then you must determine the amount of money to award to the plaintiff as contract damages. The following instructions tell you how to do that.

If you find that the defendant is not liable for any of the for breach of contract, then you do not need to consider the subject of damages. The fact that I am telling you about the law of contract damages does not mean that I believe that you will, or should, find against the defendant.

Conn. Judicial
Website Jury
Charges

Any damages you award on the breach of contract count should be designed to place the plaintiff, so far as can be done by money, in the same position as that which they would have been in had the contract been fully performed. You should determine the fair and reasonable value, in money, of the position the plaintiff would have been in if the defendant had fully performed the contract. Then you should determine the fair and reasonable value, in money, of the position the plaintiff was in at the time of the defendant's breach of the contract. The difference between the amount for performance and the amount for breach should be your award.

Conn.     Judicial
Website         Jury
Charges

If, and only if, you award the plaintiff damages for breach of contract, you must consider whether to mitigate those damages. The defendant has asserted a defense that any damages awarded should be reduced or eliminated for the plaintiff's failure to mitigate those damages. The defendant claims that the plaintiff could have avoided any damages by continuing to operate its business and not entering as consent decree for what amounted to minor securities violations. The plaintiff had a duty to exercise reasonable care to minimize the damages resulting from any breach by the defendant. The plaintiff's duty to exercise reasonable care to minimize damages does not require the plaintiff to waive its rights under the contract. It is the defendants' burden to prove by a preponderance of the evidence that the plaintiff failed to exercise reasonable care to minimize her damages. If you find that the defendants met this burden, you must reduce any award of damages to the plaintiffs by the amount that the defendants establish that the plaintiff reasonably could have avoided.

If you find that the defendant's breach of duty was not the cause of the plaintiff's damages then you should enter a verdict for the defendant.

If you find that the defendant's breach of duty was the cause of only part of the plaintiff's damages, then you should render a verdict for the plaintiffs, but only for those damages which you determine were caused by the defendant.

## FRAUD

9.

The plaintiffs claim that the defendants committed fraud. The plaintiffs must prove fraud by clear, precise and convincing evidence. First, the plaintiffs must prove that the defendants made a false representation as a statement of fact. Second, the plaintiffs must prove that the statement was untrue and known to be untrue by the defendants or that the defendants made the statement with reckless disregard for the truth of the matter. Third, the plaintiffs must prove that the defendants made the statement to induce the plaintiffs to act on it. Fourth, the

plaintiffs must prove that the plaintiffs did act on the statement to their injury.

Conn. Judicial<br>Website Jury Charges

If you find that the plaintiffs have failed to prove, by clear, precise and convincing evidence, each and every element necessary to prevail in her claim for fraud, then you must find in the defendant's favor on this count.

Conn. Judicial<br>Website Jury Charges

II

DAMAGES

The plaintiff must prove by a preponderance of the evidence the amount of any damages to be awarded. The evidence must give you a sufficient basis to estimate the amount of damages to a reasonable certainty. Although damages may be based on reasonable and probable estimates, you may not award damages on the basis of guess, speculation or conjecture.

Beverly Hills Concepts,<br>Inc. v. Schatz & Schatz,<br>Ribicoff & Kotkin, 247<br>Conn. 48, 69 (1998);<br>West Haven Sound<br>Development Corp. v.<br>West Haven, 207 Conn.<br>308, 317 (1988);<br>Bronson & Townsend Co.<br>v. Battistoni, 167 Conn.<br>321, 326-27 (1974);<br>Bertozzi v. McCarthy,<br>164 Conn. 463, 468<br>(1973).

SAMPLE VOIR DIRE QUESTIONS

What is your occupation?

Who is your employer?

What is the principal activity of the company where you work?

What is your title or position?

In your work, do you have management or supervisory responsibilities?

What other occupations have you worked in?

Have you ever owned your own business? If yes, please describe?

Do any other adults live in your household?

What is your marital status?

What city do you live in?

What other cities have you lived in for more than one year?

Where did you grow up?

What is your educational background? What was your major area of study?

Have you attended any other educational programs (evening schools, certification programs)?

Do you have children? (If yes, be sure to get ages and occupations, if appropriate.)

What are the occupations of your extended family members (Parents, brothers and sisters)?

Do you have any friends or relatives who are judges or attorneys?

Have you taken any courses, had any training in any of the following areas?
Law, Securities, Accounting, Finance? What are they?

Have you, members of your family, or close friends had legal training or experience, or worked for a lawyer?

What civic, social, religious, or other organizations are you affiliated with?

What are your major hobbies, interests, spare-time activities?

Have you, any members of your family, or close friends ever filed a lawsuit?

If yes, who filed the lawsuit?

What was the suit about?

How was it resolved?

Would this make it impossible for you to be fair and impartial?

Have you, members of your family, or close friends ever been sued?

If yes, who filed the lawsuit?

What was the suit about?

How was it resolved?

Would this make it impossible for you to be fair and impartial?

Do you feel that a person just accept a wrong and not sue for injury or damages? Defendants object to this question as improper.

Does this answer change depending if the person is rich or poor? How so? Defendants object to this question as improper.

Do you feel that a corporation should just accept a wrong and not sue for injury or damages? Defendants object to this question as improper.

Does your answer change depending if the corporation is solvent or insolvent? How so? Defendants object to this question as improper.

Would you feel uncomfortable about awarding substantial damages against an individual? Defendants object to this question as improper.

Would your answer change if you knew that individual was an attorney? Defendants object to this question as improper.

Would you feel uncomfortable about awarding substantial damages against a corporation or partnership? Defendants object to this question as improper.

Would you feel uncomfortable about awarding substantial damages against a law firm? Defendants object to this question as improper.

Have you ever testified in a trial or ever given a deposition?

Have you ever retained an attorney?

Did the attorney do what you retained him to do?

Would this make it impossible for you to be fair and impartial?

Would you describe yourself as a leader infrequently, occasionally, or frequently?

Have you ever written a letter to the editor of a magazine or newspaper?

What was the letter to the editor about?

What magazines or periodicals do you enjoy reading? (This is an extremely informative question. You can tell quite a difference between a juror who responds, "Wall Street Journal, Business Week, and Money Magazine," and the person who says "People Magazine, National Enquirer, and Sports Illustrated.")

Have you ever served as a juror? (If yes, get details.)

Were you ever the foreperson of a jury?

Do you own any stock or other securities?

Have you lost money in the stock market?

Have you ever loaned a substantial sum of money to someone?

Was it repaid? (If not, what did you do)

Would this make it impossible for you to be fair and impartial?

Have you ever lost money because an individual or corporation filed for Bankruptcy?

Would this make it impossible for you to be fair and impartial?

Have you, any of your family members, or close friends ever worked for☐..? (Prepare a list of all relevant occupations or businesses.)

This case may take two weeks to try. Do you have a problem serving on this important and serious case for this period of time?

Do you know of any reason at all why you would not, based upon the evidence presented and instructions of the court, be able to render a fair decision without sympathy, passion or prejudice for or against any party? If yes, what is the reason?

Have you ever retained a lawyer and were dissatisfied in any way with the services that he or she provided?

Have you ever filed a grievance against a lawyer?

Do you hold any negative feelings about lawyers or the legal profession in general for any reason?

Do you have any medical training?

If so, what type of training have you had?

Do you have any familiarity with blood pressure monitoring devices?

If so, what is it?

Have you ever been a stock broker or otherwise sold any types of securities or investment opportunities?

If so, what was you involvement in such activities?